Sneed, J.,
delivered the opinion of the court:
The defendant, to a presentment for public drunkenness, put in a plea in abatement to the effect that one of the grand jurors who found the bill, naming him, was, at the time of said finding, related to him by affinity within the sixth degree. The state demurred to this plea, the court adjudged the demurrer against the state, and the attorney-general appealed.
It is an old doctrine of the law of pleading that pleas in abatement which delay the trial on the merits, are not to be favored by the courts.
They are required to set forth fully and specifically the basis of the plea and the facts on which it is predicated, so that the court may see from the plea itself whether the *612 defense is real and effectual, or frivolous and immaterial. It is often held tliat the greatest accuracy and precision are required, and in the old practice, after the plea was filed, it could not be amended. 3 Tenn. R., 186; 2 Sneed, 298. [These citations seem to be wrong. See Dyer v. State, 11 Lea, 512 (citing this case), and the citations there made.] Comyn Dig., 1, 11; Coke Lit., 392. It is well settled everywhere that the plea must contain a direct, full, and positive averment of all the material facts. 3 Ver., 76; 35 N. H., 172; 24 Ala., 678.
The fault in this plea is that it does not state the relationship' of the juror to the defendant.
This ought to be done, that the court may see that the plea is a good one upon its face, and if not, that it may strike it out as immaterial, and save the public time.
The state’s demurrer should have been sustained. Let the judgment be reversed, and the case remanded, with leare to defendant to perfect his pleading.